IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALIX K. SANFORD**                                                                          **PLAINTIFF**

v.                                    **CASE NO. 4:22-CV-01255-BSM**

**NATIONWIDE GENERAL**
**INSURANCE COMPANY**                                                              **DEFENDANT**

## ORDER

Nationwide General Insurance Company's motion to enforce its settlement agreement with Alix Sanford [Doc. No. 8] is granted.

Sanford is suing her insurer, Nationwide, for failure to pay a property damage claim. Compl. at 11, Doc. No. 2. Counsel for Nationwide deposed Sanford, who, along with her lawyer, appeared remotely. Dec. of Regina Young ¶ 4, Doc. No. 8-1 at 1. During a break in the deposition, Nationwide offered to settle the claim and, after consulting with Sanford, plaintiff's counsel accepted the offer, and the deposition was halted. *Id.* ¶¶ 5–6. Post-deposition correspondence between the parties' lawyers confirmed the settlement. *Id.* ¶¶ 7–11. Later, however, plaintiff's counsel notified defense counsel that Sanford was diagnosed with Alzheimer's less than a month after the deposition and was not competent to authorize him to settle the claim. Resp. to Mot. to Enforce Settlement Agreement 1, Doc. No. 10. Plaintiff's counsel then withdrew from representing plaintiff. Doc. Nos. 12 & 13.

The issue presented is whether the parties entered into an enforceable contract, which requires: (1) competent parties; (2) subject matter; (3) legal consideration; (4) a mutual agreement; and (5) mutual obligation. *Terra Land Servs., Inc. v. McIntyre*, 572 S.W.3d 424,

432 (Ark. Ct. App. 2019); *see Visiting Nurse Ass'n, St. Louis v. VNAHealthcare, Inc.*, 347 F.3d 1052, 1053 (8th Cir. 2003) (Arkansas substantive law applies in diversity cases). The second, third, and fifth elements are undisputedly met. *See* Mot. to Enforce Settlement Agreement 1, Doc. No. 8; Resp. to Mot. to Enforce Settlement Agreement 1. In dispute is whether Sanford: (1) was competent to enter into the settlement agreement, and (4) agreed to enter the agreement.

Sanford has failed to prove that she was not competent to authorize her lawyer to accept Nationwide's settlement offer. *See Lillian H. Ashton Trust v. Caraway*, 370 S.W.3d 278, 282 (Ark. Ct. App. 2009) (person asserting incompetency has the burden of proving it). Although Sanford has submitted a document showing that she was diagnosed with Alzheimer's less than one month after accepting Nationwide's settlement offer, *see* Doc. No. 10-1, this, alone, does not prove that she was unable to consent to settlement on the day she sat for her deposition. A hearing was scheduled so Sanford could present evidence regarding her competency, but it was cancelled immediately before it was scheduled to begin when it was announced that Sanford planned to present no additional evidence. *See* Doc. No. 15.

Finally, in supplemental briefing, Sanford's recently retained counsel contends that Sanford's first lawyer did not have authority to accept Nationwide's settlement offer. *See* Suppl. Br. in Opp'n to Mot. to Enforce Settlement Agreement 3–5, Doc. No. 17. Although counsel's effort is appreciated, this argument carries little weight because it contradicts the representations that Sanford has made for more than two months. *See* Resp. to Mot. to Enforce Settlement Agreement 1; *see also Life Investors Ins. Co. of Am. v. Corrado*, 804 F.3d

908, 914 (8th Cir. 2015) (giving little weight to arguments made according to the exigencies of the moment that are inconsistent with earlier arguments).

For all these reasons, a valid contract was entered and the parties are ordered to take all necessary actions to finalize the agreed upon settlement.

IT IS SO ORDERED this 2nd day of February, 2024.

_____
UNITED STATES DISTRICT JUDGE